a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

KARTAR SINGH LNU,
Petitioner

CIVIL DOCKET NO. 3:26-CV-03751 SEC P

VERSUS

JUDGE ALEXANDER C. VAN HOOK

BRIAN ACUNA ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Petitioner Kartar Singh Lnu ("Lnu") seeks habeas relief under 28 U.S.C. § 2241, challenging his renewed immigration detention. He alleges that the Department of Homeland Security released him on his own recognizance on January 26, 2024, pursuant to an order expressly referencing § 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. He remained at liberty for more than two and a half years before being taken back into immigration custody on September 5, 2026. ECF No. 1 at 1–6.

Lnu contends that the Government violated the Fifth Amendment by re-detaining him without prior notice, an individualized custody determination, or a meaningful opportunity to respond. In the alternative, he contends that the Government failed to follow the statutory and regulatory procedures governing revocation of his release. He also preserves his contention that 8 U.S.C. § 1226(a), rather than § 1225(b)(2)(A), governs his detention, while acknowledging *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). ECF No. 1 at 8-10.

In *Buenrostro-Mendez*, the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Buenrostro-Mendez*, 166 F.4th at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an

individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 21 days after service of this Order, Lnu shall file a supplemental memorandum, not exceeding seven (7) pages, addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of his claims and explaining why any claim remains viable. The memorandum shall also identify any statute or regulation that Lnu contends the Government violated in revoking his prior release and explain whether that claim remains available if his detention is governed by § 1225(b)(2)(A). Lnu shall separately identify any claim he maintains solely to preserve it for further review.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE